**SO ORDERED.**

**SIGNED this 12 day of January, 2010.**



_____
JOHN T. LANEY, III
CHIEF UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

IN RE:                    :
                          :    CHAPTER 12
DIXIE FARMS, INC.,        :
                          :    CASE NO. 09-71040
          Debtor          :

**ORDER CONFIRMING CHAPTER 12 PLAN**

UPON the Chapter 12 plan filed September 30, 2009 by Dixie Farms, Inc., Debtor, the same having been transmitted to creditors and equity security holders; and it having been determined after hearing on notice that the requirements set forth in 11 U.S.C. § 1225 have been satisfied; it is

ORDERED that the plan filed by Debtor on September 30, 2009 ("the Plan) is hereby confirmed; it is further

ORDERED that the Plan is hereby modified to conform with and to incorporate the following amendments announced at the hearing on confirmation:

(1.) By adding the following to the end of Section 4.3:

The auction sale shall be completed not more than 60 days from confirmation. Debtors may retain Barfield Auction Company and Rowell Auction Company without further order of Court with the buyers premium not to exceed 10% of the sale price. Upon completion of the auction, Debtors shall promptly schedule a hearing with the Court for approval of the sale. Debtor, the trustee, and the auctioneer shall give Colony Bank of Worth advance notice of the time, date and place of the auction.

(2.) By deleting Section 3.4 (Ameris Bank) and inserting in lieu thereof the following:

The secured claim of Ameris Bank shall be paid from the auction sale described in Section 4.3 as modified by the order on the objection of Ameris Bank to confirmation of the plan (attached hereto as Exhibit "A").

and it is further

ORDERED that all payments are to be through the Chapter 12 trustee during the term of the plan.

END OF DOCUMENT

KATZ, FLATAU & BOYER, L.L.P.
WESLEY J. BOYER
State Bar No. 073126
355 Cotton Avenue
Macon GA 31201
(478) 742-6481

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
Valdosta Division

| | | |
|---|---|---|
| In Re: | : | Chapter 12 |
| DIXIE FARMS, INC. | : | Case No. 09-71040-JTL |
|     Debtor. | : | |
| | : | |
| AMERIS BANK, | : | |
|     Movant, | : | |
| | : | |
| DIXIE FARMS, INC., | : | |
|     Respondent | : | |

ORDER

The Debtor having filed its Chapter 12 Plan and Confirmation having previously been scheduled for December 18, 2009, with said hearing on confirmation being continued to December 28, 2009, Ameris Bank having filed its Objection to Confirmation; the parties having agreed to a resolution of the issues; it is therefore, hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.

Ameris Bank filed a Proof of Claim in this case in the amount of $71,481.57, the claim being secured by property located in Worth County, Georgia and the claim being over secured such that Ameris Bank is entitled to its actual and reasonable attorney's fees. The claim consists of a validly perfected first priority Deed to Secure Debt on said property.

2.

It is further Ordered that the minimum bid upon which the Debtor shall be authorized to auction said property shall be $73,981.57, with at least that net amount being paid to Ameris Bank prior to Ameris Bank releasing its lien on said real property.

3.

It is further Ordered that in the event the auction is not held on or before March 15, 2010 or in the event that a closing of the sales transaction does not occur within 30 days from the date of any auction such that the Ameris claim is paid in full plus its reasonable attorney's fees, then any automatic stay is hereby lifted to allow Ameris to pursue its rights under State Law as to foreclosure and subsequent confirmation of the foreclosure sale and to generally pursue its rights under the contracts between the parties and any other obligors or guarantors thereof. The terms of this Order shall take effect immediately.

4.

The Debtor shall be responsible to pay any fees due to the Office of the Chapter 12 Trustee pursuant to any confirmed Plan. The terms of this Order shall be made part of and be incorporated in any Order on Confirmation of the Debtor's Plan.

IT IS SO ORDERED, this the _____ day of _____, 2009.


By our signatures below we do hereby consent to the entry of the foregoing order:

| David M. Wolfson | Wesley J. Boyer | Walter W. Kelley |
| --- | --- | --- |
| Attorney for Movant | Attorney for Debtor(s) | Chapter 13 Trustee |
| 1010 Williams Street | 355 Cotton Avenue | P.O. Box 70849 |
| Valdosta, Georgia 31601 | Macon, Georgia 31201 | Albany, Georgia 31708 |
| (229) 257-0080 | (478) 742-6581 | (229) 888-2257 |
| Ga. Bar No: 773395 | Ga. Bar No. _____ | |
| DMW File No. 09-0559 | | |

END OF DOCUMENT